___ FILED ___ ENTERED
___ LODGED ___ RECEIVED

APR 0  2007  LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                                    DEPUTY

07-CV-00491-CMP

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AARON CLAXTON, | No. C 07-0491 TSZ |
| Plaintiff, | COMPLAINT FOR ASSAULT AND BATTERY, FALSE ARREST, MALICIOUS PROSECUTION, OUTRAGEOUS CONDUCT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND VIOLATION OF CONSTITUTIONAL RIGHTS |
| vs. | |
| THE CITY OF SEATTLE, a Municipal Corporation; SEATTLE POLICE DEPARTMENT; and SEATTLE POLICE OFFICER DYMENT; and SEATTLE POLICE OFFICER SAUSMAN, | |
| Defendants. | **JURY DEMAND** |

Plaintiff Aaron Claxton alleges as follows:

### I.     JURISDICTION AND VENUE

1.     This action is brought pursuant to 42 U.S.C. §1983 for violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and various state and common law claims. Jurisdiction is conferred upon this court pursuant to 28 U.S.C. §1343, et seq.

2.     There exists a common nucleus of operative facts regarding plaintiffs' state and federal claims. As a consequence, this court has pendent jurisdiction over the state

Complaint for Damages -- page 1

LAW OFFICES
LEMBHARD G. HOWELL, P.S.
PACIFIC BUILDING, SUITE 2105
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 623-5296

claims pursuant to 28 U.S.C. §1367.

## II. PARTIES

3. Plaintiff Aaron Claxton is a resident of King County, Washington.

4. The defendant, City of Seattle is a governmental entity with the right to sue and be sued in its own name and stead.

5. Defendants Seattle Police Officer Dyment is an employee of Defendant Seattle Police Department. The actions, inactions, and decisions of Defendant Seattle Police Officer Dyment were made with the knowledge, permission, and consent of his employer, and were made within the scope of his/her employment with the Defendant City of Seattle as a police officer and at all times material was acting within the scope of his/her employment.

6. Defendants Seattle Police Officer Sausman is an employee of Defendant Seattle Police Department. The actions, inactions, and decisions of Defendant Seattle Police Officer Sausman were made with the knowledge, permission, and consent of his/her employer, and were made within the scope of his/her employment with the Defendant City of Seattle as a police officer and at all times material were acting within the scope of his/her employment.

## III. CLAIMS FOR DAMAGES

7. A Claim for Damages was properly filed with the defendant City of Seattle pursuant to Washington law. More than sixty (60) days have elapsed since the filing of that claim. Attached hereto as Exhibits A is plaintiff's claim for damages, which by this reference is incorporated in this complaint.

Complaint for Damages – page 2

LAW OFFICES
**LEMBHARD G. HOWELL, P.S.**
PACIFIC BUILDING, SUITE 2105
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 623-5296

## IV.  JURY DEMAND

8. Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands trial by jury.

## IV.  BACKGROUND FACTS

9. On Sunday, August 27th, 2006 at approximately 1:15 a.m., Aaron Claxton and his cousin, Leroy Gibbs, were heading home from a local park where they were playing basketball.

10. On their way home, Plaintiff and his cousin had just made a left turn off of Lake City Way North onto 135th St. N.E. heading west, then a right on 32nd Avenue and a left onto 143rd St. N.E. heading towards 30th Avenue.

11. During their approach to 30th Avenue while ascending a slight hill, they slowed down and then stopped behind a car that was waiting at the stop sign at the top of the hill on the corner of 143rd St. N.E. and 30th Avenue.

12. Once it was clear, they then made a right on 30th Avenue and proceeded to turn left onto 143rd Pl. N.E. and then turned into Plaintiff's driveway that is the first house on the 143rd block located on the south side of the street.

13. Plaintiff parked; plaintiff and his cousin got out of the vehicle and saw a black Suburban turn erratically onto their block and sped up in front of Plaintiff's house. Plaintiff and his cousin proceeded quickly down the driveway into Plaintiff's garage out of fear of who was in the Suburban.

14. Plaintiff's cousin entered Plaintiff's house via the basement/bedroom area and Plaintiff was a few steps behind him at the entrance of the basement. The area is located at the back of the garage.

Complaint for Damages – page 3

LAW OFFICES
LEMBHARD G. HOWELL, P.S.
PACIFIC BUILDING, SUITE 2105
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 623-5296

15. Plaintiff immediately turned around and saw four men with guns pointed at him and were running down the driveway entering the garage at which point Plaintiff put his hands in the air and stood completely still as the four men were approaching.

16. The four strangers entered in a straight line.

17. The second of the four men in line tasered Plaintiff and he started to feel the electricity go through his body. Plaintiff was shaking uncontrollably and then the same person proceeded to taser Plaintiff again for the second time.

18. When Plaintiff was tasered the second time, he fell to the ground by his couch on the basement floor.

19. When the four men had completely entered and tasered Plaintiff, they then slammed Plaintiff's cousin, Leroy Gibbs onto the ground next to Plaintiff's bed and jumped on top of him.

20. Plaintiff then heard one of the plain-clothed strangers yell, "Police – roll over or I will taser you again." Plaintiff complied immediately and rolled over onto his stomach and asked more than stated, "This is my house. I live here and haven't done anything wrong."

21. One officer had his knee in Plaintiff's back and then cuffed Plaintiff. Plaintiff was physically and emotionally drained, he was thinking everything was just about over, when out of nowhere he was tasered again on his lower right leg.

22. Plaintiff and his cousin were picked up and stood up on Plaintiff's driveway. After Plaintiff had oriented himself to the situation he was witnessing he wanted to figure out what happened and why so Plaintiff asked one officer, "What was the

Complaint for Damages – page 4

LAW OFFICES
LEMBHARD G. HOWELL, P.S.
PACIFIC BUILDING, SUITE 2105
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 623-5296

reason for them pulling up in front of my house?" He was told, "We know this is a drug related neighborhood with drug activity."

23. Plaintiff was confused and insulted and continued to try to explain that they made a mistake and that he worked for the Boys and Girls Club of King County and that he had not done anything wrong. The officers ignored Plaintiff.

24. Plaintiff asked all of them at once as they were standing together in a crowd in front of their black Suburban, "What is taking so long?" They replied, "We are trying to figure out what to charge you with." After standing around for about 20 to 25 minutes, they released Leroy Gibbs, Plaintiff's cousin in front of the house and arrested Plaintiff and proceeded to take him to jail.

25. Plaintiff was charged with Obstructing a Public Officer and ordered to appear in court. Plaintiff had to get an attorney for the false charges against him of obstructing an officer, which charge was dropped when he appeared in court.

### III. CLAIMS AND CAUSES OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26. Plaintiff realleges paragraphs 1-25 as though fully set forth here.

27. The actions of defendants constituted intentional infliction of emotional distress.

28. As a result of defendants' tortious conduct, plaintiff suffered injury and severe emotional distress.

### ASSAULT AND BATTERY

29. Plaintiff realleges paragraphs 1-28 as though fully set forth here.

30. The actions of defendants constituted assault and battery.

Complaint for Damages – page 5

LAW OFFICES
LEMBHARD G. HOWELL, P.S.
PACIFIC BUILDING, SUITE 2105
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 623-5296

## FALSE ARREST

31. Plaintiff realleges paragraphs 1-30 as though fully set forth here.

32. The actions of defendants constituted false arrest.

33. Plaintiff now has a criminal arrest in his record and is in the FBI files. On every application for employment, he will have to truthfully disclose that he was arrested for resisting arrest and obstructing an officer.

## FALSE IMPRISONMENT

34. Plaintiff realleges paragraphs 1-33 as though fully set forth here.

35. The actions of defendants constituted false imprisonment.

## MALICIOUS PROSECUTION

36. Plaintiff realleges paragraphs 1-35 as though fully set forth here.

37. The actions of defendants constituted malicious prosecution.

## OUTRAGEOUS CONDUCT

38. Plaintiff realleges paragraphs 1-37 as though fully set forth here.

39. The actions of defendants constituted outrageous conduct.

## VIOLATION OF 42 U.S.C. § 1983

40. Plaintiff realleges paragraphs 1-39 as though fully set forth here.

41. Defendants had a duty under 42 U.S.C. § 1983 to provide plaintiff his substantive due process rights under the Fifth Amendment and Fourteenth Amendment to the United States Constitution, his Fourth Amendment Rights, and his right to be free from excessive force.

42. Defendant City violated 42 U.S.C. § 1983 when it showed a deliberate indifference to plaintiff's complaint and ratified the conduct.

Complaint for Damages – page 6

LAW OFFICES
LEMBHARD G. HOWELL, P.S.
PACIFIC BUILDING, SUITE 2105
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 623-5296

43. Defendant Police Officer Dyment violated 42 U.S.C. § 1983 when he used excessive force on plaintiff.

44. Defendant Police Officer Sausman violated 42 U.S.C. § 1983 when he used excessive force on plaintiff.

45. As a result of defendants' violation of 42 U.S.C. § 1983 plaintiff suffered injury, emotional distress, severe pain, humiliation, embarrassment, and diminished respect in the eyes of his peers and his subordinates.

## IV. REQUEST FOR RELIEF

Plaintiff requests that the court enter judgment against each of the defendants as follows:

a. That all Seattle Police Officers when in uniform will be required to wear "large, clearly legible name tags with badge numbers clearly visible,

b Awarding plaintiff, general damages, in such amount as shown at trial.

c. Awarding plaintiff costs and attorneys' fees,

d. Awarding plaintiff punitive damages.

e. Such additional relief which the court finds equitable and just.

Dated this 30th day of March, 2007.

Law Offices of Lembhard G. Howell, P.S.

_(signature)_
Lembhard G. Howell, WSBA #133
Attorney for Plaintiff

Complaint for Damages – page 7

LAW OFFICES
LEMBHARD G. HOWELL, P.S.
PACIFIC BUILDING, SUITE 2105
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 623-5296